Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Bettina (Betsy) B. Plevan
Member of the Firm
d 212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

August 13, 2019

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:   *Roma Torre et al., v. Charter Communications, Inc.* (19-CV-5708 (JMF)) ("*Torre*")
            *Thalia Perez et al., v. Charter Communications, Inc.* (19-CV-7141 (JMF)) ("*Perez*")

Dear Judge Furman:

      We write on behalf of Defendant Charter Communications, Inc. ("Charter") pursuant to the Court's Order of August 8, 2019 (*Torre* and *Perez* Dkt. No. 12), to oppose the consolidation of the *Torre* and *Perez* cases under Rule 42 of the Federal Rules of Civil Procedure ("Rule"). Despite Plaintiffs' efforts to conflate the allegations in the pleadings, the cases share very little in common. Indeed, the two cases involve different claims (age/gender discrimination in *Torre* v. pregnancy discrimination in *Perez*), brought by employees in a different status (full-time in *Torre* v. part-time/freelance in *Perez*), and very different circumstances (the *Torre* Plaintiffs are all currently employed, whereas the *Perez* Plaintiffs were terminated nearly two years ago).

      Another significant difference, and a decisive factor here, is that both Plaintiffs in *Perez* agreed to arbitrate their employment-related claims against Charter, and Defendant will move to compel arbitration, obviating any need for consolidation.[1]

      Pursuant to Rule 42(a), the court should only consolidate two actions if they "involve a common question of law or fact." However, where, as here, there is no such common question, consolidation should not be granted. *See e.g., KGK Jewelry LLC v. ESDNetwork*, No. 11-cv-9236(LTS), 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014) (Denying motion to consolidate where, *inter alia*, "both actions arise from the same general set of business relations between the parties, [but] Action I is significantly more streamlined and focuses on a discrete pair of

---

[1] Plaintiff Vivian Lee in the *Torre* case is also subject to an arbitration agreement, which was included in her most recent employment contract. Defendant also intends to move to compel Ms. Lee's claims to arbitration.

**Proskauer»**

August 13, 2019
Page 2

contracts. Action II . . . contains numerous breach of contract claims that are not premised on the contracts at issue in Action I."); *Mira v. Kingston*, 15-cv-09989 (CM), 2016 WL 5867448, at *2 (S.D.N.Y. Oct. 3, 2016) (Denying motion for consolidation where plaintiff *pro se* "allege[d] employment discrimination at two different companies by different individuals over different time periods."); *Saunders v. New York City Dep't of Educ.*, No. 07-cv-2725 (SJF), 2008 WL 1957780, at *1 (E.D.N.Y. May 2, 2008) (Denying consolidation where the claims in one case "may overlap with some of the claims asserted" in the other case, but there was "not a sufficient identity of parties, facts or claims," including "the basis of plaintiff's complaint" "to warrant consolidation.")

Specifically, the *Torre* case primarily alleges that five, currently employed, anchors and reporters are receiving less air-time and opportunity as the result of favoritism towards younger women and men.[2] (*See e.g.,* Torre Complaint, Dkt. No. 1, ¶¶ 1, 33-35).  In contrast, the *Perez* case involves claims of pregnancy discrimination on behalf of two former, part-time/freelance, employees, who were terminated in 2017 as the result of a corporate restructuring.  (*See e.g.,* Perez Complaint, Dkt. No. 1, ¶¶ 30, 47-48, 75-76).  Although Plaintiffs in *Perez* are both women over-40, that fact is incidental to, and not alleged to be a separate cause of action distinct from, their claims of pregnancy discrimination.  Likewise, there is no claim in the *Torre* case that any of the five, currently-employed Plaintiffs, were discriminated against on the basis of their pregnancy.

Further, even the temporal scope will be different for these two cases, as the relevant time period for *Torre* extends into 2019, whereas the relevant time period for *Perez* would cease in late 2017, after both Plaintiffs were terminated.

Simply stated, the *Torre* and *Perez* cases do not involve "common question[s] of law or fact," and consolidation would force Defendant to respond in one action to fundamentally different and unrelated complaints and grievances, asserted by dissimilar Plaintiffs.  As a result, the cases should not be consolidated.

                  Respectfully submitted,
                  PROSKAUER ROSE LLP


                  /s/ *Bettina B. Plevan*
                  Bettina B. Plevan


CC: *All counsel via ECF*

---

[2] Defendant does not concede that the *Torre* Plaintiffs, individually, share much in common, particularly with respect to their experience, skills or complaints, but those issues are not presently before the Court and Defendant will not address them at this time.