UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ROMA TORRE, KRISTEN SHAUGHNESSY,       :
JEANINE RAMIREZ, VIVIAN LEE and        :
AMANDA FARINACCI,                      :
                                       :
            Plaintiffs,                :
                                       :        19-cv-05708 (JMF)(OTW)
        - against -                    :
                                       :        **ECF CASE**
CHARTER COMMUNICATIONS, INC. d/b/a/    :
SPECTRUM,                              :
                                       :
            Defendant.                 :
_____


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT
AND STRIKE CERTAIN ALLEGATIONS**


PROSKAUER ROSE LLP

Bettina B. Plevan
Daryl G. Leon
Ebony Ray
Eleven Times Square
New York, New York 10036
(T) 212-969-3000
(F) 212-969-2900
*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

APPLICABLE LEGAL STANDARD ....................................................................................... 4

ARGUMENT ............................................................................................................................ 5

I.    PLAINTIFFS' DISCRIMINATION CLAIMS BASED ON THEIR GENDER
AND AGE MUST BE DISMISSED .................................................................... 6

     A.    Roma Torre ................................................................................................ 6

     B.    Kristen Shaughnessy ................................................................................ 8

     C.    Jeanine Ramirez ...................................................................................... 10

     D.    Amanda Farinacci ................................................................................... 11

II.    PLAINTIFFS' RETALIATION CLAIMS BASED ON PRE-LAWSUIT
CONDUCT MUST BE DISMISSED .............................................................. 12

     A.    Roma Torre .............................................................................................. 14

     B.    Kristen Shaughnessy .............................................................................. 15

     C.    Jeanine Ramirez ...................................................................................... 17

     D.    Amanda Farinacci ................................................................................... 18

     E.    Plaintiffs' Alleged Harms to Their Reputations and Careers Do Not Transform
The Alleged Retaliatory Conduct Into Adverse Actions ...................................... 19

III.   PLAINTIFFS' RETALIATION CLAIMS BASED ON POST-LAWSUIT
CONDUCT MUST BE DISMISSED .............................................................. 20

     A.    Roma Torre Cannot Aggregate Trivial Harms to Bolster Her Claims ................. 20

     B.    The New York Post's Article About The Lawsuit Is Not An Adverse Action
Taken By NY1 ........................................................................................ 21

     C.    Angi Gonzalez's Commentary Is Not An Adverse Action Taken By NY1 ......... 21

     D.    Other Alleged Ongoing Acts of Retaliation Must Be Dismissed ........................ 21

IV.   TORRE FAILS TO STATE A CLAIM UNDER THE EQUAL PAY ACT AND
NEW YORK'S EQUAL PAY LAW .................................................................. 22

V.    THE COURT SHOULD STRIKE IMMATERIAL AND GRATUITOUS
ALLEGATIONS ALONG WITH ALLEGATIONS THAT OCCURRED AFTER
THE FILING OF THE COMPLAINT ............................................................. 23

     A.    Irrelevant and Immaterial Allegations Including Plaintiffs' Own Public Relations
Efforts in Connection With This Suit Should Be Stricken ................................... 24

     B.    The Court Should Strike Allegations Concerning Facts or Events That Occurred
After The Filing of The Complaint .................................................................. 25

CONCLUSION ....................................................................................................................... 25

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. City of New York*,
    837 F. Supp. 2d 108 (E.D.N.Y. 2011) ...................................................................................18

*Anyachebelu v. Brooklyn Hosp. Ctr.*,
    No. 16-cv-3159 (DLI) (VMS), 2017 WL 9511073 (E.D.N.Y. July 20, 2017) .................16, 19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................1, 4, 5

*Aspilaire v. Wyeth Pharm., Inc.*,
    612 F. Supp. 2d 289 (S.D.N.Y. 2009) ..............................................................................15, 19

*Avery v. DiFiore*,
    No. 18-cv-9150 (JMF), 2019 WL 3564570 (S.D.N.Y. Aug. 6, 2019) ....................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................4, 5

*Boonmalert v. City of New York*,
    721 F. App'x 29 (2d Cir. 2018) .............................................................................................4

*Brown v. Snow*,
    No. 02-cv-7985 (GEL), 2006 WL 623594 (S.D.N.Y. Mar. 13, 2006), *aff'd sub
    nom. Brown v. Paulson*, 236 F. App'x 654 (2d Cir. 2007)) .....................................................11

*Campbell v. N.Y.C. Transit Auth.*,
    93 F. Supp. 3d 148 (E.D.N.Y. 2015), *aff'd*, 662 F. App'x 57 (2d Cir. 2016) .........................12

*Carter v. Verizon*,
    No. 13-cv-7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ................................10, 12

*Culmone-Simeti v. N.Y.C. Dep't of Educ.*,
    No. 17-cv-2313 (ER), 2018 WL 3384437 (S.D.N.Y. July 11, 2018) ...................................5, 7

*Davis v. City Univ. of N.Y.*,
    No. 94-cv-7277 (SHS), 1996 WL 243256 (S.D.N.Y. May 9, 1996) .......................................12

*Dechberry v. N.Y.C. Fire Dep't*,
    124 F. Supp. 3d 131 (E.D.N.Y. 2015) ...................................................................................11

*DiBrino v. Dep't of Veteran's Affairs*,
    118 F. App'x 533 (2d Cir. 2004) ........................................................................................7, 9

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014)...........................................................................22

*Eng v. City of New York*,
   715 F. App'x 49 (2d Cir. 2017) ......................................................................23

*Erasmus v. Deutsche Bank Ams. Holding Corp.*,
   No. 15-cv-1398 (PAE), 2015 WL 7736554 (S.D.N.Y. Nov. 30, 2015) .................................13

*Fattoruso v. Hilton Grand Vacations Co.*,
   873 F. Supp. 2d 569 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 26 (2d Cir. 2013).........................5

*Fincher v. Depository Tr. & Clearing Corp.*,
   604 F.3d 712 (2d Cir. 2010)......................................................................13, 15

*Forrest v. Jewish Guild for Blind*,
   3 N.Y.3d 295 (2004) ............................................................................12, 13

*Gonzalez v. Bratton*,
   147 F. Supp. 2d 180 (S.D.N.Y. 2001), *aff'd*, 48 F. App'x 363 (2d Cir. 2002)......................20

*Gorman v. Covidien, LLC*,
   146 F. Supp. 3d 509 (S.D.N.Y. 2015)............................................................13, 18

*Green v. Mount Sinai Health Sys., Inc.*,
   No. 17-cv-3999 (VEC), 2019 WL 4392691 (S.D.N.Y. Sept. 12, 2019)............................17, 22

*Harrison v. N.Y.C. Off-Track Betting Corp.*,
   No. 99-cv-6075 (VM), 2001 WL 1154691 (S.D.N.Y. Sept. 28, 2001) ..............................8, 11

*Isbell v. City of New York*,
   316 F. Supp. 3d 571 (S.D.N.Y. 2018).................................................................22

*Kairam v. W. Side GI, LLC*,
   No. 18-cv-01005 (AT) (SDA), 2018 WL 6717280 (S.D.N.Y. Nov. 9, 2018).....................22, 23

*Kassman v. KPMG LLP*,
   925 F. Supp. 2d 453 (S.D.N.Y. 2013) (JMF)........................................................23

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*,
   716 F.3d 10 (2d Cir. 2013)......................................................................12, 17

*Kreinik v. Showbran Photo, Inc.*,
   No. 02-cv-1172 (RMB)(DF), 2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003) ......................19

*Leget v. Henderson*,
   No. 99-cv-3636 (DLC), 2001 WL 43615 (S.D.N.Y. Jan. 18, 2001) ........................................9

*Lenart v. Coach, Inc.*,
   131 F. Supp. 3d 61 (S.D.N.Y. 2015) (JMF)..................................................................5

*Lipsky v. Commonwealth United Corp.*,
   551 F.2d 887 (2d Cir. 1976)........................................................................................24

*Luka v. Bard Coll.*,
   263 F. Supp. 3d 478 (S.D.N.Y. 2017)........................................................................5

*MacAlister v. Millenium Hotels & Resorts*,
   No. 17-cv-6189 (ER), 2018 WL 5886440 (S.D.N.Y. Nov. 8, 2018)........................6

*Marcus v. Leviton Mfg. Co.*,
   661 F. App'x 29 (2d Cir. 2016) ..................................................................................5

*Mi-Kyung Cho v. Young Bin Cafe*,
   42 F. Supp. 3d 495 (S.D.N.Y. 2013)........................................................................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d Cir. 2013)......................................................................................13

*Milne v. Navigant Consulting*,
   No. 08-cv-8964 NRB, 2010 WL 4456853 (S.D.N.Y. Oct. 27, 2010) ......................19

*Moore v. Verizon*,
   No. 13-cv-6467 (RJS), 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016) ..............5, 9, 12, 17, 18

*Nielsen v. Rabin*,
   746 F.3d 58 (2d Cir. 2014)..........................................................................................4

*Petrosino v. Bell Atl.*,
   385 F.3d 210 (2d Cir. 2004)........................................................................................7

*Preuss v. Kolmar Labs., Inc.*,
   970 F. Supp. 2d 171 (S.D.N.Y. 2013)......................................................................16

*Risco v. McHugh*,
   868 F. Supp. 2d 75 (S.D.N.Y. 2012)...................................................................15, 19

*Rivera v. Potter*,
   No. 03-cv-1991 (LAP), 2005 WL 236490 (S.D.N.Y. Jan. 31, 2005)........................7

*Rodriguez v. Coca Cola Refreshments USA, Inc.*,
   No. 12-cv-234 (BMC), 2013 WL 5230037 (E.D.N.Y. Sept. 16, 2013)....................8

*Rogers v. Fashion Inst. of Tech.*,
   No. 14-cv-6420 (AT), 2016 WL 889590 (S.D.N.Y. Feb. 26, 2016) ....................8, 15

*Rojas v. Roman Catholic Diocese of Rochester*,
   660 F.3d 98 (2d Cir. 2011).................................................................................15

*Ruhling v. Tribune Co.*,
   No. cv-04-2430 (ARL), 2007 WL 28283 (E.D.N.Y. Jan. 3, 2007) ...........................7

*Salahuddin v. Cuomo*,
   861 F.2d 40 (2d Cir. 1988)............................................................................23, 24

*Sawka v. ADP, Inc.*,
   No. 3:13-cv-754 (VAB), 2015 WL 5708571 (D. Conn. Sept. 29, 2015) ...............18

*Shein v. N.Y.C. Dep't of Educ.*,
   No. 15-cv-4236 (DLC), 2016 WL 676458 (S.D.N.Y. Feb. 18, 2016)....................13

*Simmons-Grant v. Quinn Emanuel Urquhart & Sullivan, LLP*,
   915 F. Supp. 2d 498 (S.D.N.Y. 2013)..................................................................11

*Simon v. City of New York*,
   No. 17-cv-9575 (DAB), 2019 WL 916767 (S.D.N.Y. Feb. 14, 2019) ................5, 7

*Slattery v. Swiss Reinsurance Am. Corp.*,
   248 F.3d 87 (2d Cir. 2001)............................................................................14, 18

*Staff v. Pall Corp.*,
   233 F. Supp. 2d 516 (S.D.N.Y. 2002), *aff'd*, 76 F. App'x 366 (2d Cir. 2003)........7

*Talwar v. Staten Island Univ. Hosp.*,
   610 F. App'x 28 (2d Cir. 2015) ..........................................................................22

*Thomas v. Town of Southeast*,
   336 F. Supp. 3d 317 (S.D.N.Y. 2018)..................................................................13

*Tucker v. Am. Int'l Grp., Inc.*
   936 F. Supp. 2d 1 (D. Conn. 2013).....................................................................24

*Ulrich v. Moody's Corp.*,
   No. 13-cv-0008 (VSB) (MHD), 2014 WL 12776746 (S.D.N.Y. Mar. 31,
   2014), *modified*, 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) ......................7, 10

*Walker v. City of New York*,
   No. 11-cv-2689 (KAM) (RML), 2013 WL 991101 (E.D.N.Y. Feb. 7, 2013),
   *report and recommendation adopted*, 2013 WL 990999 (E.D.N.Y. Mar. 13,
   2013) ..................................................................................................................20

*Wanamaker v. Columbian Rope Co.*,
   108 F.3d 462 (2d Cir. 1997)................................................................................19

*Weber v. City of New York*,
    973 F. Supp. 2d 227 (E.D.N.Y. 2013) ..................................................................14

*Weeks v. New York*,
    273 F.3d 76 (2d Cir. 2001)...................................................................................18

*White v. Pacifica Found.*,
    973 F. Supp. 2d 363 (S.D.N.Y. 2013)............................................................15, 19

*Wu v. Good Samaritan Hosp. Med. Ctr.*,
    No. 17-cv-4247 (SJF) (ARL), 2019 WL 2754865 (E.D.N.Y. July 2, 2019) .........................23

*Yaohua Deng v. Compass Grp. USA Inc.*,
    No. 08-cv-02842 (SJF) (ETB), 2010 WL 11507549 (E.D.N.Y. Feb. 17, 2010),
    *aff'd*, 481 F. App'x 28 (2d Cir. 2012)........................................................................9

*Yu v. City of New York*,
    No. 17-cv-7327, 2018 WL 6250659 (S.D.N.Y. Nov. 29, 2018)......................16, 18

STATUTES AND RULES

29 U.S.C. §§ 201 et seq., Equal Pay Act ...........................................................1, 22, 23

29 U.S.C. §§ 621 et seq., Age Discrimination in Employment Act ....................1, 4, 5, 12, 13, 19

42 U.S.C. §§ 2000e et seq., Civil Rights Act of 1964, tit. VII .............................1, 4, 5, 12, 13, 19

FED. R. CIV. P. 8 ...................................................................................................4, 23

FED. R. CIV. P. 12 .................................................................................................4, 23

FED. R. CIV. P. 15 ......................................................................................................25

N.Y.C. ADMIN. CODE §§ 8-101 et seq., New York City Human Rights Law.1, 5, 9, 10, 13, 14, 15, 17, 18, 19

N.Y. Exec. Law §§ 290 et seq., New York State Human Rights Law .1, 4, 5, 9, 10, 12, 13, 16, 17, 19

N.Y. LAB. LAW.................................................................................................1, 22, 23

## PRELIMINARY STATEMENT

Nearly all of the claims advanced by Plaintiffs Roma Torre ("Torre"), Kristen Shaughnessy ("Shaughnessy"), Jeanine Ramirez ("Ramirez") and Amanda Farinacci ("Farinacci")[1] in their Amended Complaint (Dkt. 25) rely upon conclusory statements and allegations that fail to satisfy the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and its progeny.  Plaintiffs, all of whom are still employed by Defendant Charter Communications, Inc. ("Charter" or "Defendant") and regularly seen on television as anchors and reporters for the New York One ("NY1") network, allege violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Equal Pay Act ("EPA"), New York Labor Law ("NYLL"), and the Age Discrimination in Employment Act ("ADEA").

When the substance of Plaintiffs' actual claims are evaluated, disregarding (as required) the generalized and conclusory assertions of discriminatory and retaliatory conduct, it becomes clear that they fail to meet the required pleading standards.  Torre, for example, raises a number of superficial grievances, including, but not limited to, her Emmy Award coverage, a work anniversary party, and promotional material. Shaughnessy, Ramirez and Farinacci each assert that they were not chosen for several assignments.  However, this general dissatisfaction does not give rise to a claim of discrimination. Moreover, Plaintiffs fail to allege how these decisions or alleged conduct had any material impact on their employment.

Plaintiffs' purported claims of retaliation should also be dismissed because Plaintiffs fail to allege that they engaged in protected activity or that NY1 retaliated against them in any

---

[1] Plaintiff Vivian Lee's claims must be adjudicated in arbitration because she voluntarily entered into an arbitration agreement with Charter. Defendant has separately moved this Court to compel arbitration of Lee's claims. *See* Dkt. 15-18.  Therefore, this motion does not address Lee's claims. Defendant reserves the right to dismiss Lee's claims on other grounds at a later date should the Court deny Defendant's motion to compel arbitration.

manner.  Charter takes allegations of discrimination and harassment seriously, and has a long tradition of dedication to diversity and inclusion.  Indeed, Plaintiffs admit throughout their Amended Complaint that there has been no change to the terms and conditions of their employment following their alleged protected activity, precluding them from showing they have suffered adverse action. Plaintiffs' claims of post-lawsuit retaliation similarly fail to pass legal muster.

Torre's allegations of pay discrimination rely on threadbare recitals of the statutory elements and are devoid of factual allegations about the job duties and position of her sole alleged comparator.

Plaintiffs' Amended Complaint adds a litany of irrelevant and self-aggrandizing statements, which are not evidence, and violate the Federal Rules' requirement for a short and plain statement of the claim. These statements should be stricken from the pleading, and the Court should dismiss all of Plaintiffs' claims that are deficient as a matter of law.

## FACTUAL BACKGROUND[2]

Defendant Charter owns, operates and manages the television news channel New York One ("NY1"). (Am. Compl. ¶ 29).[3] NY1, previously owned by Time Warner Cable, began broadcasting in 1992 (*Id*. ¶ 30). NY1 primarily focuses its coverage on events in the New York metro-area, serving an audience of more than 20 million people. (*Id.*).  In May of 2016, Time Warner Cable merged with Charter. (*Id*. ¶ 34).

Plaintiff Roma Torre joined NY1 in 1992, starting as a weekend anchor and also as a reporter three days per week. (*Id*. ¶ 46).  Torre has hosted NY1's *Inside City Hall* program and

---

[2] For purposes of this motion only, the Court (and we) must assume that the factual allegations in the Amended Complaint are true.
[3] Paragraphs in Plaintiffs' Amended Complaint are referenced herein as "Am. Compl. ¶__".

also reviews theater productions for the network on an informal basis. (*Id*. ¶¶ 47, 48). Following the merger, NY1 launched a new weekly broadcast schedule in mid-2017. (*Id*. ¶ 112). As part of the new schedule, Torre became the dedicated host of her own show, *Your News Live at Noon*, a one-hour live news broadcast beginning at 1:00 pm. (*Id*. ¶ 113). In addition, Torre appears on NY1 later in the day for two hours, from 3:00 to 5:00pm. (*Id.*).

Plaintiff Kristen Shaughnessy joined NY1 in 1995. (*Id*. ¶ 63). Shaughnessy has primarily served as NY1's weekend anchor and has also appeared as a Breaking News and Environmental reporter. (*Id*. ¶ 63-64). Shaughnessy also serves as a weekday "fill-in" anchor by filling in for anchors who are unable to host due to illness, vacation or otherwise. (*Id*. ¶ 66). Shaughnessy also writes and shoots her own feature stories. (*Id*. ¶ 64).

Plaintiff Jeanine Ramirez joined NY1 in 1996 as a weekend reporter. (*Id*. ¶ 79). In 2000, Ramirez became the full-time weekday reporter responsible for covering news events in Brooklyn. (*Id.*). Ramirez also serves as a weekday fill-in anchor for the morning show, or for mid-day or evening anchor positions. (*Id*. ¶ 81). Ramirez currently anchors NY1's broadcast on Sunday nights. (*Id*. ¶ 82).

Plaintiff Amanda Farinacci joined NY1 in 2000 as an intern and became a staff reporter in 2004. (*Id*. ¶ 97). Farinacci is NY1's dedicated reporter for news events in Staten Island. (*Id*. ¶ 98). Farinacci has never been a regular weekday fill-in anchor, although she has been provided opportunities to do so and has in fact served as a fill-in anchor. (*Id*. ¶¶ 158, 165-67). In addition to her reporting duties, Farinacci has reported and produced investigative specials. (*Id*. ¶¶ 100-01). As noted previously, each of the Plaintiffs is currently employed by NY1 and regularly appears on NY1's broadcasts. (*Id*. ¶¶ 24-28).

## APPLICABLE LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in the Plaintiffs' favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, the Court is not required to credit "mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The requirement that the Court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id*. In *Iqbal*, the Supreme Court stressed that Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While specific factual allegations must be accepted as true for purposes of a motion to dismiss, this tenet is "inapplicable to legal conclusions." *Id*. Thus, this Court is not required to accept conclusory allegations unsupported by factual assertions. *Id*. at 678-79. If the plaintiffs have not "nudged their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

To survive a motion to dismiss on claims of gender and age discrimination under the ADEA, Title VII, and the NYSHRL, Plaintiffs must sufficiently allege facts showing that they suffered an adverse employment action. *See Boonmalert v. City of New York*, 721 F. App'x 29,

32 (2d Cir. 2018); *Lenart v. Coach, Inc.*, 131 F. Supp. 3d 61, 66 (S.D.N.Y. 2015) (JMF).  A plaintiff alleging age discrimination under the NYSHRL must also plausibly allege "that her age was the 'but-for' cause of the [employer's] adverse [decision]."  *Marcus v. Leviton Mfg. Co.,* 661 F. App'x 29, 31-32 (2d Cir. 2016); *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 485 (S.D.N.Y. 2017).  To successfully plead a claim under the NYCHRL, a plaintiff must allege that they were treated "less well" *because of* their protected characteristic. *Moore v. Verizon,* No. 13-cv-6467 (RJS), 2016 WL 825001, at *11 (S.D.N.Y. Feb. 5, 2016); *Simon v. City of New York*, No. 17-cv-9575 (DAB), 2019 WL 916767, at *4 (S.D.N.Y. Feb. 14, 2019).  However, the Court must not interpret the NYCHRL to "operate as a general civility code." *Fattoruso v. Hilton Grand Vacations Co.*, 873 F. Supp. 2d 569, 576 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 26 (2d Cir. 2013) (citation omitted). "[A]t a minimum, employment discrimination claims [under the NYCHRL] must meet the standard of pleading set forth in *Twombly* and *Iqbal*." *Id.* (citation omitted).

## ARGUMENT

Plaintiffs' gender and age discrimination claims and retaliation claims fail because they do not allege facts showing that they experienced materially adverse employment actions, as is required under the ADEA, Title VII, and the NYSHRL. Rather, Plaintiffs' allegations amount to "trivial harms" and "petty slights".  *See Culmone-Simeti v. N.Y.C. Dep't of Educ.*, No. 17-cv-2313 (ER), 2018 WL 3384437, at *7 (S.D.N.Y. July 11, 2018) ("trivial harms – *i.e.*, those petty slights or minor annoyances that often take place at work and that all employees experience – do not qualify as materially adverse employment actions." (citations and internal quotation marks omitted)).

I.   **PLAINTIFFS' DISCRIMINATION CLAIMS BASED ON THEIR GENDER AND AGE MUST BE DISMISSED**

    *A.*   *Roma Torre*

Roma Torre's gender and age discrimination claims must be dismissed in their entirety. Although Torre makes many claims, none of them remotely implicate the material terms and conditions of her employment. She specifically alleges claims of:

- An allegedly "inferior" and "less equipped" television studio, where she is "left to languish". (Am. Compl. ¶¶ 121-22)

- The absence of a mention of her show under a heading on NY1's website. (*Id.* ¶ 220)

- A lack of personal accommodation to her schedule to receive the services of make-up artists retained for a different program. (*Id.* ¶¶ 221-22)

- NY1's failure to celebrate her work anniversary. (*Id.* ¶ 192)

- NY1's failure to offer her her own podcast. (*Id.* ¶ 198)

- Dissatisfaction with NY1's celebration of her Emmy award. (*Id.* ¶¶ 200-02)

- Discontent with her promotional video. (*Id.* ¶¶ 181-88)

- Frustration that her theater reviews are not aired on NY1's new theater show. (*Id.* ¶¶ 223-27)

An objective reading of these claims puts them squarely in the category of nonactionable "petty slights" and "trivial harms" that warrant dismissal.  In *MacAlister v. Millenium Hotels & Resorts*, No. 17-cv-6189 (ER), 2018 WL 5886440, (S.D.N.Y. Nov. 8, 2018), for example, this Court held the fact that plaintiff's failure to receive a newly renovated office did not "indicate [a] materially adverse employment action[s] because there is no indication that such action[] [was] accompanied by a material loss of tangible job benefits such as decreased pay or probation." *Id.* at *5.  Here, Torre fails to allege that the design of her studio, her access to personal make-up, and the alleged inadequate recognition of her work were accompanied by a material loss of tangible benefits.  This court has consistently held that such allegations do not survive a motion

to dismiss. *See e.g. Culmone-Simeti*, 2019 WL 2409736, at *5 (alleged favoritism towards younger employees was a "trivial harm" and did not "qualify as 'materially adverse' employment actions" (citations omitted)); *Ulrich v. Moody's Corp.*, No. 13-cv-0008 (VSB) (MHD), 2014 WL 12776746, at *15 (S.D.N.Y. Mar. 31, 2014) (dismissing plaintiff's claim of age discrimination under the ADEA and holding that defendant-employer's failure to "acknowledge or give due credit . . . for" plaintiff's work did not "rise to the level of [an] adverse employment action[]."), *modified*, 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014).

Similarly, Torre's claims regarding a lack of support for her *Live at Noon* show, or not "offer[ing]" her a "podcast" are also insufficient as a matter of law to qualify as an adverse employment action. (Am. Compl. ¶¶ 198, 217-19). *See e.g., Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004); *see Staff v. Pall Corp.*, 233 F. Supp. 2d 516, 532 (S.D.N.Y. 2002) (lack of subordinates was not an adverse employment action), *aff'd*, 76 F. App'x 366 (2d Cir. 2003).

Torre's claims regarding the changes to her anchor shift following NY1's change to its weekly schedule (Am. Compl. ¶ 113) do not qualify as an adverse employment action. *See DiBrino v. Dep't of Veteran's Affairs,* 118 F. App'x 533, 535 (2d Cir. 2004) ("A shift change, without anything else, has been held insufficient to establish an 'adverse employment action.'" (citations omitted)); *Ruhling v. Tribune Co.*, No. cv-04-2430 (ARL), 2007 WL 28283, at *10 (E.D.N.Y. Jan. 3, 2007) (same); *Rivera v. Potter*, No. 03-cv-1991 (LAP), 2005 WL 236490, at *6 (S.D.N.Y. Jan. 31, 2005) (same). Although a shift change may be considered an adverse employment action under "extraordinary circumstances," Torre fails to allege that her new anchor schedule lead to any materially adverse circumstances. *See Simon*, 2019 WL 916767, at *7.

Torre's claim that NY1 failed to investigate her complaints of discrimination cannot form the basis of her discrimination claims. As explained in Point II.A., *infra*, "this conduct does not qualify as an adverse employment action under Title VII's broader definition of the term applicable to retaliation claims." *Rogers v. Fashion Inst. of Tech.*, No. 14-cv-6420 (AT), 2016 WL 889590, at *5 (S.D.N.Y. Feb. 26, 2016). Thus, it is not an adverse employment action under the narrower definition applied to discrimination claims.  *Id.*

### B.    Kristen Shaughnessy

The Court should dismiss Shaughnessy's claims of discrimination based on working conditions[4] because she does not allege any change in the material conditions of her employment. Shaughnessy alleges that:

- NY1 has not included her in *Around the Boroughs* or *Money on 1* segments. (Am. Compl. ¶¶ 176-77, 180)

- She was temporarily assigned to be the 9a General Assignment ("GA") reporter. (*Id*. ¶¶ 203-10)

- She never received a promotional video. (*Id*. ¶ 189)

- Her two-day "weekend" was changed from Tuesday/Wednesday to Thursday/Friday. (*Id*. ¶ 244-46)

Shaughnessy's allegations regarding her lack of inclusion on *Around the Boroughs* or *Money on 1* segments do not qualify as adverse employment actions because Shaughnessy fails to allege she suffered a material change to her employment as a result. *See Rodriguez v. Coca Cola Refreshments USA, Inc.*, No. 12-cv-234 (BMC), 2013 WL 5230037, at *3 (E.D.N.Y. Sept. 16, 2013) (holding that generally giving preferential work assignments to others outside of the plaintiff's protected class does not qualify as an adverse employment action); *Harrison v. N.Y.C. Off-Track Betting Corp.*, No. 99-cv-6075 (VM), 2001 WL 1154691, at *3 (S.D.N.Y. Sept. 28,

---

[4] Defendant does not, at this time, move to dismiss Shaughnessy's claims regarding the mid-morning or anchor fill-in assignments. (Am. Compl. ¶¶116-19, 137-41).

2001) ("It is well-established that subjective dissatisfaction with assignments does not constitute adverse employment action."). Thus, Shaughnessy's allegations with respect to *Around the Boroughs* and *Money on 1* must be dismissed.

Shaughnessy's assignment to the 9a GA reporter role for a brief period of time in January 2019 likewise does not amount to an adverse employment action. Shaughnessy alleges that she was assigned to the 9a GA role for a week in January 2019, once more two weeks later, and has been given the assignment on a continued basis since then. (Am. Compl. ¶¶ 207-10). However, to be actionable, a reassignment or shift change "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Yaohua Deng v. Compass Grp. USA Inc.*, No. 08-cv-02842 (SJF) (ETB), 2010 WL 11507549, at *6 (E.D.N.Y. Feb. 17, 2010) (temporary assignment to dishwasher was not an adverse employment action (citation omitted)), *aff'd*, 481 F. App'x 28 (2d Cir. 2012); *Leget v. Henderson*, No. 99-cv-3636 (DLC), 2001 WL 43615, at *6 (S.D.N.Y. Jan. 18, 2001) (temporary transfer was not an adverse employment action where the shift change did not alter plaintiff's salary, title or benefits.). Shaughnessy's claim regarding her assignment should also be dismissed under the NYCHRL, as there are no facts alleged even remotely indicating that the assignment was due to Shaughnessy's age or gender. *See Moore*, 2016 WL 825001, at *7 (dismissing NYSHRL and NYCHRL discrimination claims because plaintiff failed to plead that defendant's actions "occurred because of her race or gender discrimination.").

Moreover, Shaughnessy's claim regarding her schedule change does not qualify as an adverse employment action.  She alleges that the change was "inconsiderate" and resulted in her having to "split" her "weekends" if she wants to fill-in for Torre (Am. Compl. ¶¶ 246-47). This is precisely the type of "inconvenience" that warrants dismissal. *DiBrino,* 118 F. App'x at 535

("A shift change, without anything else, has been held insufficient to establish an 'adverse employment action.'" (citation omitted)).  Lastly, Shaughnessy's complaint that she never received a promotional video is also insufficient to withstand a motion dismiss, as it is a textbook "trivial harm," and not an adverse employment action. *Ulrich*, 2014 WL 12776746, at *15 (dismissing plaintiff's claims where he failed to plead adverse employment actions).

### C.      *Jeanine Ramirez*

Ramirez's claims (other than for anchor fill-in assignments) should also be dismissed as she only alleges mere inconveniences that do not reach the level of adverse employment actions.[5] Ramirez alleges that:

- NY1 has not included her in *Around the Boroughs* or *Money on 1* segments. (Am. Compl. ¶¶ 176-78, 180)

- She never received a promotional video. (*Id*. ¶ 189-90)

- NY1 delayed acting on her request for approval to appear in a movie. (*Id*. ¶¶ 251-54)

Like Shaughnessy, not including Ramirez on *Around the Boroughs* or *Money on 1* is insufficient to allege an adverse employment action. (*See, supra*, Point I.B.).

Ramirez's lack of promotional material is a "trivial harm" and does not qualify as an adverse employment action. (*See, supra*, Point I.B.).  Plaintiffs' complaints regarding NY1's promotional efforts are based on wholly conclusory statements. *See* Am. Compl. ¶ 191 ("Altogether, the message has been very clear: NY1 is not interested in highlighting older women as fixtures of its on-air team").  That statement is not sufficient to avoid dismissal.  *See Carter v. Verizon*, No. 13-cv-7579 (KPF), 2015 WL 247344, at *5 (S.D.N.Y. Jan. 20, 2015) (dismissing plaintiff's conclusory claims under the NYSHRL and the NYCHRL).

---

[5] Defendant does not, now, move to dismiss Ramirez's discrimination claims regarding the mid-morning or anchor fill-in assignments. (Am. Compl. ¶¶116-19, 143-48).  Defendant does move to dismiss her claims of retaliation regarding her anchor fill-in assignments. (*See*, Point II.C., *infra*).

Lastly, Ramirez's claim with respect to NY1's delayed approval of her appearance in a Spike Lee movie should be dismissed, as it is alleged in conclusory terms that do not raise an inference of discrimination. (Am. Compl. ¶ 254). *See Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 150 (E.D.N.Y. 2015) ("Plaintiff may not rely on the simple fact that she is female and part of a protected class to raise a triable case of sex discrimination."). Here, Ramirez alleges in similar conclusory terms that approval "would have [been] given . . . right away" to a "younger female anchor." (Am. Compl. ¶ 254).  Thus, she fails to state a claim for which relief may be granted.

### D.    *Amanda Farinacci*

Farinacci's gender and age discrimination claims must also be dismissed in their entirety because she fails to allege any adverse employment actions. Farinacci complains that:

- She was not a panelist for a debate between two candidates for Staten Island's congressional district. (Am. Compl. ¶¶ 228-31)

- She did not moderate a town hall event related to a 30-minute investigative special she reported on and produced. (*Id*. ¶¶ 233-34)

- She is not part of the weekly fill-in anchor rotation. (*Id*. ¶¶ 158-64)

- She has not been included in the Around the Boroughs or its Money on 1 segments. (*Id*. ¶¶ 174-80)

Farinacci's complaints reflect a dissatisfaction with her work assignments, which, as a matter of law, "does not constitute adverse employment action." *Harrison*, 2001 WL 1154691, at *3; *see Simmons-Grant v. Quinn Emanuel Urquhart & Sullivan, LLP,* 915 F. Supp. 2d 498, 504 (S.D.N.Y. 2013) ("an employee's preference for one assignment over another is not actionable" (quoting *Brown v. Snow*, No. 02-cv-7985 (GEL), 2006 WL 623594, at *5 (S.D.N.Y. Mar. 13, 2006), *aff'd sub nom*. *Brown v. Paulson*, 236 F. App'x 654 (2d Cir. 2007))). Further, Farinacci fails to allege, other than in conclusory terms, that she was not selected for these positions

because of her gender or age. *Moore,* 2016 WL 825001, at *7; *Carter*, 2015 WL 247344, at *6. Because she fails to allege that she otherwise suffered any loss of benefits or material responsibilities as a result of not receiving the opportunity to host, or that she was not selected because of her age or gender, her allegations must be dismissed.

Lastly, Farinacci's complaint that she was not a part of the weekday fill-in rotation are precluded by her allegations admitting that she was ultimately offered the opportunity to serve as a fill-in anchor and did so. (Am. Compl. ¶¶ 165-67). *See Davis v. City Univ. of N.Y.,* No. 94-cv-7277 (SHS), 1996 WL 243256, at *9 (S.D.N.Y. May 9, 1996) (holding that the eventual grant of tenure and a promotion to the plaintiff, even if after a delay, contradicted her claims that she suffered a materially adverse change in the terms and conditions of her employment). Notwithstanding the fact that she appeared as a fill-in, being a fill-in is not a part of her job responsibilities nor is it alleged to have been. (Am. Compl. ¶ 158). Thus, Farinacci's claims of discrimination must be dismissed because she merely pleads dissatisfaction with her work assignments and current job responsibilities.

## II.     PLAINTIFFS' RETALIATION CLAIMS BASED ON PRE-LAWSUIT CONDUCT MUST BE DISMISSED

For retaliation claims brought pursuant to the ADEA, Title VII, and the NYSHRL to survive a motion to dismiss, a plaintiff must plausibly allege that: (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*, 716 F.3d 10, 14 (2d Cir. 2013); *Forrest v. Jewish Guild for Blind*, 3 N.Y.3d 295, 312-13 (2004). *See Campbell v. N.Y.C. Transit Auth.*, 93 F. Supp. 3d 148, 174 (E.D.N.Y. 2015) (same analysis for ADEA claim), *aff'd*, 662 F. App'x 57 (2d Cir. 2016). An action is only "material" if the resulting harm

is significant, not trivial. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 111-12 (2d Cir. 2013). Under the broader NYCHRL test, a plaintiff must allege that the employer engaged in conduct that was "reasonably likely to deter a person from engaging in [the] protected activity." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010) (citation omitted).  An employee engages in "[p]rotected activity" when she "oppos[es] or complain[s] about unlawful discrimination." *Mi-Kyung Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 507 (S.D.N.Y. 2013) (citing to *Forrest*, 3 N.Y.3d at 312-13); *see also Thomas v. Town of Southeast*, 336 F. Supp. 3d 317, 327 (S.D.N.Y. 2018).

To adequately plead an adverse action in support of a retaliation claim under the ADEA, Title VII and the NYSHRL, a plaintiff must allege that she "endure[d] a materially adverse change in the terms and conditions of employment" such that she would be dissuaded from making or supporting a charge of discrimination. *Erasmus v. Deutsche Bank Ams. Holding Corp.*, No. 15-cv-1398 (PAE), 2015 WL 7736554, at *11 (S.D.N.Y. Nov. 30, 2015) (citations and internal quotation marks omitted). Conversely, "[a]ctions that are 'trivial harms'—i.e., 'those petty slights or minor annoyances that often take place at work and that all employees experience'—are not materially adverse." *Gorman v. Covidien, LLC*, 146 F. Supp. 3d 509, 534 (S.D.N.Y. 2015) (citation omitted).

Lastly, under the ADEA, Title VII and the NYSHRL, Plaintiffs must "plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Avery v. DiFiore*, No. 18-cv-9150 (JMF), 2019 WL 3564570, at *3 (S.D.N.Y. Aug. 6, 2019) (citations omitted); *Shein v. N.Y.C. Dep't of Educ.*, No. 15-cv-4236 (DLC), 2016 WL 676458, at *9 (S.D.N.Y. Feb. 18, 2016) (noting that the ADEA, Title VII and NYSHRL all require but-for causation). Under the

13

NYCHRL test, a plaintiff must allege that retaliation played a part in her employer's conduct. *See Weber v. City of New York*, 973 F. Supp. 2d 227, 273 (E.D.N.Y. 2013).

### A.      *Roma Torre*

Torre's retaliation claims should be dismissed because she fails to allege that she suffered an adverse employment action that is reasonably likely to deter a person from engaging in protected activity. Torre alleges that she raised concerns to NY1 management, starting in October 2017, regarding supposed preferable treatment of younger reporters. (Am. Compl. ¶¶ 308-19). She also alleges that: (1) NY1 has been "ensuring that [she] remains sidelined and pushed out of the public's view;" (2) she was moved to a "mediocre studio, without any support or resources that her male anchor counterparts receive;" and (3) NY1 has been "failing to extend opportunities to her that are widely extended" to others. (Am. Compl. ¶ 320).

First, the vague allegation that NY1 is "ensuring that [she] remains sidelined and pushed out of the public's view," fails to provide specificity as to what exact conduct is even being alleged to state a claim.  Moreover, the word "remains" implies that the conduct began *before* her complaints to management; thus, the conduct could not possibly have been an act of retaliation. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). Second, the allegation that NY1 has been "failing to extend opportunities to her that are widely extended" likewise lacks dates and other specific details necessary to state an adverse action. Third, as explained above in Point I.A., *supra*, being moved to an allegedly "mediocre studio" is a trivial harm. Furthermore, Torre's allegation that she did not have "any support or resources" in her studio is vague hyperbole that cannot form the basis of a retaliation claim.

Additionally, Torre alleges that NY1 failed to investigate or escalate her complaints. (Am. Compl. ¶¶ 313, 315, 317, 319). However, NY1's alleged inaction does not qualify as

retaliatory conduct. In *Fincher*, the Second Circuit affirmed the dismissal of plaintiff's claim of retaliation, holding that "an employer's failure to investigate a complaint . . . cannot be considered an adverse employment action taken in retaliation for the filing of the same . . . complaint." 604 F.3d at 721-22. *See also Rogers*, 2016 WL 889590, at *5; *White v. Pacifica Found.*, 973 F. Supp. 2d 363, 384 n.7 (S.D.N.Y. 2013) (finding that plaintiff had failed to make out a prima facie claim for retaliation under the NYCHRL by alleging that defendant failed to investigate his multiple complaints).

### B.  Kristen Shaughnessy

Shaughnessy's complaints in Fall 2017 regarding not being offered an opportunity to fill-in for Pat Kiernan on his new live morning show and her subsequent complaints of being "passed-over for better anchoring positions" do not constitute protected activity because they are devoid of any facts to suggest that she was complaining of age or gender discrimination (Am. Compl. ¶¶ 295-305).

For an internal complaint to management to constitute protected activity, the complaint "must be sufficiently specific to make it clear that the employee is complaining about conduct prohibited by" anti-discrimination laws— rather than complaining about mistreatment generally. *Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012) (citing *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011)). "Generalized complaints" about mistreatment are not protected activity. *Id.*; *see also Aspilaire v. Wyeth Pharm., Inc.*, 612 F. Supp. 2d 289, 308–09 (S.D.N.Y. 2009) ("The onus is on the speaker to clarify to the employer that he is complaining of unfair treatment due to his membership in a protected class and that he is not complaining merely of unfair treatment generally").

In *Anyachebelu v. Brooklyn Hospital Center*, the Court dismissed plaintiff's retaliation claims under both the NYSHRL and NYCHRL where plaintiff failed to allege that her employer's "difference in treatment" about which she complained was due to her protected category. No. 16-cv-3159 (DLI) (VMS), 2017 WL 9511073, at *15 (E.D.N.Y. July 20, 2017). According to the court, plaintiff's complaints were insufficient to establish protected activity because nothing in her complaints "'would have allowed her employer to reasonably have understood' that her complaints to [her supervisor] . . . were directed at prohibited conduct." *Id.* (citations omitted).

Like the plaintiff in *Anyachebelu*, Shaughnessy fails to allege that she complained of prohibited discriminatory conduct. Rather, she relies entirely on conclusory assertions that her complaints involved discriminatory conduct. *See e.g.*, Am. Compl. ¶ 297 ("Mr. Bair also said, 'I like what she's done with her group' – a not-so-subtle endorsement of Ms. Rabinovich's favoritism towards the younger female talent."); *Id*. ¶ 298 ("Ms. Shaughnessy stated the obvious – that she felt that she was being passed over for better anchoring positions."). Thus, Shaughnessy's retaliation claim regarding anchor and fill-in positions must be dismissed.

Her claim should also be dismissed because she fails to plead facts supporting a causal nexus.  To the extent Shaughnessy engaged in protected activity in August 2018 during NY1's "culture investigation", her assignment to the 9a GA role in January 2019 is insufficient to plausibly allege that NY1 retaliated against her because it occurred five months later and thus is too far removed in time to establish a causal connection. *See Yu v. City of New York*, No. 17-cv-7327, 2018 WL 6250659, at *8 (S.D.N.Y. Nov. 29, 2018) (dismissing NYSHRL retaliation claim and noting that the Second Circuit has found a two-month gap destroyed an inference of causation); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 198 (S.D.N.Y. 2013) (dismissing

NYSHRL retaliation claims where there was a three-month gap) (collecting cases); *Moore*, 2016 WL 825001, at *15 (dismissing NYCHRL retaliation claims where there was a four-month gap).

Moreover, Shaughnessy's assignment to the 9a GA role is not an adverse employment action (*see, supra*, Point I.B.), and neither is NY1's alleged failure to "address her concerns." (*see, supra*, Point II.A.).  Therefore, her claims of retaliation with respect to her complaint in August 2018 should be dismissed on this basis as well.

### C.    *Jeanine Ramirez*

Ramirez claims she was retaliated against by her supervisors Melissa Rabinovich and Anthony Proia by receiving fewer anchor fill-in opportunities following her complaint about a July 2018 incident involving Joel Siegel, NY1's Managing Editor. (Am. Compl. ¶¶ 273-88). However, Ramirez fails to allege that she engaged in any protected activity. Ramirez alleges that Siegel "screamed and cursed" at her in the newsroom and that she complained about his "discriminatory treatment" in an email afterward. (*Id.* ¶¶ 273-75)  Yet, other than her conclusory reference to the contents of her email, she does not plead facts sufficient to illustrate that her email "can reasonably be read as alleging an unlawful employment practice under the anti-discrimination laws." *Green v. Mount Sinai Health Sys., Inc.*, No. 17-cv-3999 (VEC), 2019 WL 4392691, at *4 (S.D.N.Y. Sept. 12, 2019). "Sprinkling a run-of-the-mill employment gripe with words like 'discrimination' does not transform it into protected activity 'if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory.'" *Id.* (citing *Kelly*, 716 F.3d at 17).

Additionally, she specifically alleges that her fill-in anchor spots were purportedly cut by more than half between 2016 and 2017, and were purportedly reduced further between 2017 and the first half of 2018. (Am. Compl. ¶¶ 145-48). Because the alleged decrease in Ramirez's fill-in anchor opportunities significantly predates her July 2018 complaint, she cannot establish the

requisite casual connection for a claim of retaliation. *Slattery,* 248 F.3d at 95 (no causal connection between protected activity and adverse employment action where gradual adverse job actions began five months prior to filing EEOC charges); *Sawka v. ADP, Inc.,* No. 3:13-cv-754 (VAB), 2015 WL 5708571, at *18 (D. Conn. Sept. 29, 2015); *see also*, *Adams v. City of New York*, 837 F. Supp. 2d 108, 128 (E.D.N.Y. 2011) ("[t]he broad remedial purpose of the NYCHRL does not change the requirement for causal connection").

Ramirez also claims NY1 retaliated against her in March 2019 by giving her a "negative" performance review.[6] (Am. Compl. ¶¶ 290-93).  However, Ramirez fails to allege that her performance review had any "material effect" on the conditions of her employment, *e.g.*, compensation. *Weeks v. New York*, 273 F.3d 76, 86 (2d Cir. 2001) ("[C]riticism of an employee . . . is not an adverse employment action."); *Gorman*, 146 F. Supp. 3d at 524–25 (finding that a performance improvement plan was not "materially adverse").

Finally, to the extent that Ramirez is alleging that her "negative" performance review is a result of her July 2018 complaint, she cannot establish any causal nexus between them due to the eight month gap in time. *See Yu*, 2018 WL 6250659, at *8 (noting that the Second Circuit has found a two-month gap to foreclose an inference of causation); *Moore*, 2016 WL 825001, at *15 (finding no causation where there was a four-month gap). To the extent that Ramirez alleges that her interview with Ms. Rhoney in the fall of 2018 was protected activity, that conversation is likewise too remote in time to establish any causal nexus between it and her review. *See id.*

### D.    *Amanda Farinacci*

---

[6] Plaintiffs mischaracterize Ramirez's performance review as a negative one. Indeed, Ramirez alleges that she received positive feedback in her review. (*See* Am. Compl. ¶ 291). Contrary to Plaintiffs' assertions, the "critical" comments she received are more accurately characterized as constructive or helpful. (*See* Am. Compl. ¶ 292).

Farinacci's claims of retaliation must also be dismissed.  Farinacci alleges that she complained about her frustration with the lack of anchoring and fill-in opportunities, her assignment to a specific session of NY1's "culture meetings" and the network's alleged favoritism towards Ms. Ferry. (Am. Compl. ¶¶ 335-38, 345-46, 341). These complaints are not sufficient to constitute protected activity because Farinacci does not allege that she explicitly complained of conduct prohibited by the anti-discrimination laws. *See Anyachebelu*, 2017 WL 9511073, at \*15; *Risco*, 868 F. Supp. 2d at 110; *Aspilaire*, 612 F. Supp. 2d at 308-09.

Second, Farinacci fails to allege that she suffered an adverse employment action as a result of her purported complaints. Like Torre, Farinacci attempts to articulate a claim of retaliation based on NY1's failure to investigate or follow up on her complaints (Am. Compl.  ¶¶ 344-46). However, NY1's alleged failure to investigate her complaints are insufficient as a matter of law to state a claim of retaliation. (*See, supra*, Point II.A.); *Milne v. Navigant Consulting*, No. 08-cv-8964 NRB, 2010 WL 4456853, at \*8 (S.D.N.Y. Oct. 27, 2010). Likewise, NY1's failure to correct the underlying conduct complained of (*i.e.*, lack of fill-in opportunities) does not constitute retaliation for the complaint. *See White*, 973 F. Supp. 2d at 384 n.7 (dismissing retaliation claim premised on defendant's "failing to address" plaintiff's complaints).

### E. Plaintiffs' Alleged Harms to Their Reputations and Careers Do Not Transform The Alleged Retaliatory Conduct Into Adverse Actions

A plaintiff may bring a claim for retaliation under the ADEA, Title VII, NYSHRL, or the NYCHRL for reputational harm where the plaintiff alleges a connection between the reputational harm and future employment. That is, "retaliatory actions injurious to a plaintiff's ability to secure future employment are actionable." *Kreinik v. Showbran Photo, Inc.*, No. 02-cv-1172 (RMB)(DF), 2003 WL 22339268, at \*6 (S.D.N.Y. Oct. 14, 2003) (collecting cases); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997).

However, to be actionable the reputational harm must impact the plaintiff's ability to find a job. *Compare Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 196 (S.D.N.Y. 2001) ("retaliatory conduct that would naturally create major obstacles for a former employee in obtaining future employment in her field is actionable under this [Title VII]"), *aff'd*, 48 F. App'x 363 (2d Cir. 2002), *with Walker v. City of New York*, No. 11-cv-2689 (KAM) (RML), 2013 WL 991101, at *3 (E.D.N.Y. Feb. 7, 2013) (noting that plaintiff's retaliation claim should be dismissed where "she does not claim that defendants' actions contributed to any potential employer's decision not to hire her."), *report and recommendation adopted*, 2013 WL 990999 (E.D.N.Y. Mar. 13, 2013). Plaintiffs have failed to plead any facts indicating that their job prospects have been limited in any way.

## III.   PLAINTIFFS' RETALIATION CLAIMS BASED ON POST-LAWSUIT CONDUCT MUST BE DISMISSED

As argued in Point V, *infra*, the court should strike allegations concerning facts or events that occurred after the filing of the Complaint. (Am. Compl. ¶¶ 348-96).  Alternatively, the court should dismiss Plaintiffs' retaliation claims based on post-lawsuit allegations because they suffer from the same inadequacies as Plaintiffs' pre-lawsuit retaliation claims – namely the allegations plead petty slights and trivial inconveniences that are not actionable.

### A.   *Roma Torre Cannot Aggregate Trivial Harms to Bolster Her Claims*

In the Amended Complaint, Torre alleges that as a result of filing this action in July 2019, her offer to host coverage for the U.S. Women's World Cup Soccer team parade (the "Parade") was denied. (Am. Compl. ¶¶ 350, 352).  Torre alleges that, instead of her, Mr. Kiernan, Ms. Stelter, and Michelle Yu were tapped to host the Parade (*Id*. ¶ 352), but she acknowledges that the Parade occurred shortly after Mr. Kiernan's and Ms. Stelter's regular on-air time.  Utilizing members of the regular morning team to cover a Parade, when coverage began during the

morning, and putting Torre "on air as usual at noon" (*Id.* ¶ 356) is a trivial slight that cannot support a retaliation claim.  She also alleges that NY1, in retaliation, has not responded to her recent email about the renewal of her employment contract, which does not expire for several months. (*Id.* ¶ 363).  This claim fails for the same reason.

### B.      The New York Post's Article About The Lawsuit Is Not An Adverse Action Taken By NY1

Plaintiffs allege that the New York Post published a story about the lawsuit "clearly at the behest of NY1's management team." (*Id.* ¶ 376).  Plaintiffs claim that the article is a form of retaliation.  However, aside from Plaintiffs' pure speculation, there is no basis for linking Defendant to the article.  Stated simply, Charter does not have control over news coverage regarding the lawsuit and is under no obligation to police the press.

### C.      Angi Gonzalez's Commentary Is Not An Adverse Action Taken By NY1

Plaintiffs criticize Ms. Gonzalez for speaking about this case in opposition to their position. They allege that after complaining about Ms. Gonzalez's comments, NY1 informed Plaintiffs that Mr. Ronayne, Ms. Gonzalez's supervisor, directly addressed the issue with Ms. Gonzalez who was reprimanded.  However, any further employment decisions related to Ms. Gonzalez are confidential. NY1 need not share details with Plaintiffs.

### D.      Other Alleged Ongoing Acts of Retaliation Must Be Dismissed

Plaintiffs allege that Ramirez was not selected to cover the Mermaid Parade in July 2019, NY1 did not celebrate the one-year anniversary of Torre's *Your News Live at Noon* show, and certain Plaintiffs continue to be denied fill-in anchoring opportunities and assigned 9a GA reporting shift. (*Id.* ¶ 391-93).  Plaintiffs also allege that an August 2019 promo video did not include Ramirez and Farinacci. (*Id.* ¶ 394).  In short, these are all "run-of-the-mill employment

gripe[s]" that do not rise to the level of adverse action necessary to withstand a motion to dismiss. *Green*, 2019 WL 4392691, at \*4.

## IV.   TORRE FAILS TO STATE A CLAIM UNDER THE EQUAL PAY ACT AND NEW YORK'S EQUAL PAY LAW

At the pleading stage, a plaintiff asserting an EPA claim must allege "sufficient factual matter" to permit the reasonable inference that the relevant employees' job content is substantially equal. *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 256 (2d Cir. 2014). "This standard is 'demanding' and requires that a plaintiff 'establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications.'" *Kairam v. W. Side GI, LLC*, No. 18-cv-01005 (AT) (SDA), 2018 WL 6717280, at \*4 (S.D.N.Y. Nov. 9, 2018) (citing to *EEOC*, 768 F.3d at 255). Equal pay claims under New York's Labor Law are analyzed under the same standards as the EPA. *See Isbell v. City of New York,* 316 F. Supp. 3d 571, 588 (S.D.N.Y. 2018); *Talwar v. Staten Island Univ. Hosp.,* 610 F. App'x 28, 30 n.2 (2d Cir. 2015).

Torre's allegations of pay discrimination are entirely conclusory. (Am. Compl. ¶¶ 256-63). She merely asserts that she is [paid] "substantially less than other male anchors with similar skill and with similar, or even less, experience." (*Id*. ¶ 257). Torre identifies by name only one comparator, Pat Kiernan. (*Id*.). Mr. Kiernan leads NY1's morning show, which Torre admits is the "most watched mid-week show" on NY1. (*Id*. ¶¶ 121-22). The Amended Complaint fails to plead any facts as to the skill, effort and responsibility of her alleged comparator. It states that they are "both anchors of mid-week shows and have similar responsibilities to prepare for and deliver those shows." (*Id*. ¶ 257). However, not everyone on TV, without more, can be said to perform "similar" duties.

Torre does not refer to the length of their respective shows (his is 3 hours and hers is 1 hour). She does not state what preparation is required to deliver the different shows, and she does

22

not allege that the shows generate similar revenue or viewership metrics. Thus, her allegations are devoid of the factual information required to plead an equal pay claim and must be dismissed. *See Wu v. Good Samaritan Hosp. Med. Ctr.,* No. 17-cv-4247 (SJF) (ARL), 2019 WL 2754865, at *4 (E.D.N.Y. July 2, 2019) ("With respect to plaintiff's claims of wage discrimination under the EPA and NYLL, '[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.'" (citations omitted)); *Kairam,* 2018 WL 6717280 at *5 (dismissing plaintiff's EPA claim where plaintiff failed to provide factual allegations about her or the comparators' job duties, skills, efforts or responsibilities); *Eng v. City of New York*, 715 F. App'x 49, 52 (2d Cir. 2017) (affirming dismissal of plaintiff's EPA claim at the pleading stage, holding that "[p]laintiff at no point provides factual allegations about her or the comparators' job duties, skills, efforts, or responsibilities to demonstrate that their respective jobs were substantially equal.") *cf. Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 470-71 (S.D.N.Y. 2013) (JMF). Thus, Torre fails to plead a pay discrimination claim sufficient to withstand a motion to dismiss.

## V.   THE COURT SHOULD STRIKE IMMATERIAL AND GRATUITOUS ALLEGATIONS ALONG WITH ALLEGATIONS THAT OCCURRED AFTER THE FILING OF THE COMPLAINT

A complaint must contain a "short and plain statement" of the claim showing the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2). "When a complaint does not comply with [the Rule 8 requirements], the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).   Fed. R. Civ. P. 12(f) permits a court to strike a pleading or the substance contained in a pleading (1) on its own; or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with a pleading.  *See* Fed. R. Civ. P. 12(f).

A.    *Irrelevant and Immaterial Allegations Including Plaintiffs' Own Public Relations Efforts in Connection With This Suit Should Be Stricken*

The Amended Complaint begins with a "Preliminary Statement" riddled with irrelevant and immaterial information manifest from even a small sample:

- The New York Times wrote an article about fighting discrimination on television which does not name any of the Plaintiffs. (Am. Compl. ¶ 2)

- A lengthy footnote cites several articles and filed cases having nothing whatsoever to do with the Plaintiffs in this case. (*Id*. ¶ 2 n. 2)

- The Association of National Advertisers has spearheaded a gender equality campaign called #SeeHer initiative, which has an advisory board that includes none of the Plaintiffs. (*Id*. ¶ 3)

- Bill Ritter, an anchor for ABC-New York's Eyewitness News and correspondent for 20/20 (who has no alleged relationship with NY1) tweeted something nice about his female colleague. (*Id*. ¶¶ 8-9)

- Charter has been sued by former employees in suits unrelated to this matter. (*Id*. ¶¶ 11-14)

These allegations bear no relationship to any Plaintiffs or issues in this case. These and other detours into immaterial allegations unnecessarily burden Defendant and the Court and should therefore be stricken.  *Salahuddin*, 861 F.2d at 42 ("[t]he statement should be short because 'unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)).

Moreover, Plaintiffs have injected into the Amended Complaint hearsay expressions of support that they received, which set forth no facts about Plaintiffs' employment. (Am. Compl. ¶¶ 202, 354-55).  They amount to *ad populum* appeal that is inappropriate in a pleading and inadmissible at trial. *Tucker v. Am. Int'l Grp., Inc.* 936 F. Supp. 2d 1, 15 (D. Conn. 2013) (recognizing allegations of fact that would not be admissible at trial – including hearsay allegations – should be stricken (citing *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887,

893 (2d Cir. 1976))).  Even more troubling is that the support attributed to third-parties was apparently generated in part as a result of explicit, directed solicitation by the Plaintiffs. (*See* Am. Compl. ¶ 353 ("Ms. Torre's open letter concluded by calling on Mayor Bill de Blasio to condemn NY1's retaliatory actions in the strongest possible terms.")).

### B. *The Court Should Strike Allegations Concerning Facts or Events That Occurred After The Filing of The Complaint*

Lastly, though it is not styled as a Supplemental Complaint, Plaintiffs' pleading contains numerous paragraphs alleging facts or events that occurred after the filing of the complaint. (Am. Compl. ¶¶ 348-96).  Not only should these claims be dismissed for the reasons addressed in Point III, *supra*, but Rule 15(d) provides that "[o]n motion and reasonable notice the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *See* Fed. R. Civ. P. 15(d).  Thus, a supplemental complaint requires a motion, reasonable notice, and explicit permission by the Court, unlike an amended complaint which may be filed once as of right in the time frames set out in Rule 15(a)(1).  Since the Plaintiffs did not file a Rule 15(d) motion, the addition of these allegations was improper and they should be struck.

### <u>CONCLUSION</u>

For the reasons discussed above, the Court should grant Defendant's motion to dismiss the claims in the Amended Complaint (other than Shaughnessy's and Ramirez's claims regarding mid-morning and anchor fill-in opportunities), and strike the allegations identified above.

Dated: October 3, 2019
      New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP

/s/  *Bettina B. Plevan*
Bettina B. Plevan
Daryl G. Leon
Ebony Ray
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(T) 212-969-3000
(F) 212-969-2900
bplevan@proskauer.com
dleon@proskauer.com
eray@proskauer.com
*Attorneys for Defendant*