```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ROMA TORRE et al.,                                                :
                                                                  :
                        Plaintiffs,                               :    19-CV-5708 (JMF)
                                                                  :
            -v-                                                   :    MEMORANDUM OPINION
                                                                  :         AND ORDER
CHARTER COMMUNICATIONS, INC.                                      :
d/b/a SPECTRUM,                                                   :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Vivian Lee and several other employees of news channel New York One ("NY1") bring this action against NY1's owner and operator, Charter Communications, Inc. ("Charter"), alleging age and gender discrimination, unlawful retaliation, and violations of the federal and New York Equal Pay Acts. Charter now moves to compel Lee to arbitrate her claims, citing an employment agreement in which she and the company agreed, in relevant part, that "any dispute arising out of or relating to" her "employment . . . or the termination of that relationship must be resolved through binding arbitration pursuant to the Charter Mutual Arbitration Agreement . . . which is expressly incorporated by reference." ECF No 18-1, at 11-12. The Charter Mutual Arbitration Agreement (the "Arbitration Agreement") provides, in turn, that "any dispute arising out of or relating to" Lee's "employment with Charter or the termination of that relationship, except as specifically excluded below, must be resolved through binding arbitration." ECF No. 18-2 ("Arbitration Agrmt."), at 2. More specifically, it requires, as relevant here, arbitration of "all disputes, claims, and controversies that could be asserted in court . . . related to . . . employment, employment termination or post-employment-related claims . . . including without limitation claims for: . . . unlawful failure to hire or failure to promote . . . ; unlawful discrimination or harassment

(including such claims based upon . . . sex, . . . age, . . . and any other prohibited grounds), [and] claims for unlawful retaliation." *Id.* at 2 (defining "Covered Claims"). By contrast, it expressly excludes from arbitration any claims "related to corrective action or other performance management that does not result in termination of employment." *Id.* at 3 (defining "Excluded Claims").

Whether Lee's claims are subject to arbitration ultimately turns on whether they are "covered" or "excluded" within the meaning of the Arbitration Agreement. The parties spill much ink on that question, *see* ECF No. 16, at 6-8; ECF No. 26, at 10-18; ECF No. 34, at 4-8, but it is ultimately wasted on this Court because the question of arbitrability is not for the Court, but for the arbitrator itself, to decide. To be sure, the question of whether the parties have submitted a particular dispute to arbitration — that is, the question of arbitrability — is presumptively one for the courts. *See, e.g.*, *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005). But that presumption is overcome "if there is clear and unmistakable evidence from the arbitration agreement . . . that the parties intended that the question of arbitrability shall be decided by the arbitrator." *Id.* (internal quotation marks and emphasis omitted); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator."). That is the case here: The Arbitration Agreement defines "Covered Claims" to include "all disputes related to the arbitrability of any claim or controversy." Arbitration Agrmt. at 2. And were there any doubt, it elsewhere provides unambiguously that "the arbitrator shall have the sole authority to determine whether a particular claim or controversy is arbitrable." *Id.* at 4; *see, e.g.*, *Olsen v. Charter Comm'ns, Inc.*, No. 18-CV-3388 (JGK), No. 18-CV-4972 (JGK), 2019 WL 3779190, at *7 (S.D.N.Y. Aug. 9, 2019) (compelling arbitration based on a provision stating that "the arbitrability of disputes shall be determined by the arbitrator").

For these reasons, Charter's motion to compel arbitration as to Lee must be and is GRANTED, and the case is STAYED as to Lee (but *only* as to Lee). *See, e.g.*, *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (holding that "a stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested"); *Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 20 (2d Cir. 2016) (summary order) (holding that a district court must stay proceedings where a defendant's motion to compel arbitration seeks "either a stay or dismissal"); *see also* ECF No. 15, at 1 (seeking an order "dismissing the Complaint as to Plaintiff Lee, or, in the alternative, staying this action"). Lee and Charter shall file a joint status letter (proposing next steps, if appropriate) **within thirty days of the conclusion of the arbitration proceedings**. Finally, Charter's motion to strike a declaration that Lee submitted in connection with her opposition to the motion to compel and a related portion of her memorandum of law, on the ground that the declaration contained privileged information, is DENIED as moot, as the Court did not consider the declaration in any way.[1]

The Clerk of Court is directed to terminate ECF Nos. 15 and 31.

SO ORDERED.

Dated: March 4, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Out of an abundance of caution, the Court previously sealed the relevant declaration and Lee's memoranda of law and directed that redacted versions of each document be filed on ECF. *See* ECF Nos. 29 & 43. Because the redacted portions of these documents are not relevant to any issue the Court needs to decide, there is, at most, a weak presumption in favor of public access to the redacted information, which is outweighed by the countervailing risk of disclosing privileged communications. *See, e.g.*, *Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) (denying a motion to unseal redacted information that "is not relevant to any issue we need to decide"); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("[A]ll documents submitted in connection with, *and relevant to*, such judicial decision-making are subject to at least some presumption of public access." (emphasis added)). Accordingly, the unredacted documents shall remain under seal.