

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

December 4, 2020

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    <u>Torre, et al. v. Charter Communications, Inc.; No. 19-CV-5708 (JMF)</u>

Dear Judge Furman,

We represent Plaintiffs Roma Torre, Kristen Shaughnessy, Jeanine Ramirez and Amanda Farinacci and write pursuant to Your Honor's Individual Rules § 2(C) simply to request an order compelling Defendant Charter Communications, Inc. ("Charter") to produce documents. Charter's document production was due on November 19, 2020, but Charter has failed to produce a single responsive document and/or provide any date by which any document production will begin or end. Respectfully, while disputes over certain categories of documents may arise, we should not be forced to move the Court just to receive a document production in the first place.

By way of background, this action was filed in June 2019, and notice of this action had been provided to Charter a month earlier in May 2019. On October 13, 2020 (after a decision on Charter's motion to dismiss), Plaintiffs served initial document requests, and later consented to Charter's request that responses be served by November 19, 2020. However, on November 19, Charter served formal written objections, but did not produce a single document. On November 20, in response to Plaintiffs' counsel's statement that "producing no documents is unacceptable," Defendant's counsel contended only that Charter would "proceed in an orderly and organized fashion," meaning it "will produce documents as we can on a rolling basis." According to Charter, "nothing is outstanding or owed at this time" because it provided written objections. On November 23, 2020, the parties conferred by phone and Charter claimed that there was "no authority" requiring it to produce responsive documents on the already-extended deadline. Moreover, Charter refused to even state when its "rolling production would begin."

On November 30, 2020, Plaintiffs' counsel brought these matters to the Court's attention (although not seeking any relief at the time) in connection with Dkt. Nos. 68-70. The Court reminded the parties that it, "will not tolerate gamesmanship and expects counsel to deal with one another professionally and in good faith. That means complying with discovery deadlines and, absent a


valid objection, producing responsive documents, and it means responding to proposed orders in a timely manner." Dkt. No. 71.

Yesterday, the parties conferred yet again by phone about, among other things, document production. Charter continued to refuse to provide any specifics about when and what documents would be produced, committing, at most, to produce "something" by the end of next week. When pressed about why certain documents such as Pat Kiernan's contract could not be produced immediately, Charter's counsel continued to be evasive, claiming it was not even aware if counsel had possession of the document. (Mr. Kiernan is Ms. Torre's primary male comparator for purposes of her equal pay claim. His contract, which outlines the terms and conditions of his employment, including his compensation, is central to this case).[1] When Plaintiffs' counsel said that this was an inappropriate manner in which to engage in discovery, Defendant's counsel asked, "What's the rush?" After the meet and confer, Defendant's counsel backtracked further and said Charter would not produce anything until a confidentiality stipulation was finalized.

It is well settled that a party is "required either to produce [responsive documents] on the date it served responses or provide a date on which it intends to make a production." CapRate Events, LLC v. Knobloch, 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) (citing Fed. R. Civ. P. 34(b)(2)(B) ("[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response"). To the extent a party seeks to produce documents on a "rolling" basis, it must "[s]pecify . . . when production will begin and when it will be concluded." Fischer v. Forrest, 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *1 (S.D.N.Y. Feb .28, 2017). Charter has violated every one of these rules and we are simply left to guess when and how discovery will proceed.

Plaintiffs' counsel is mindful of its obligation to work cooperatively with Defendant's counsel before involving the Court – and we respectfully do not believe this is a dispute that should require judicial intervention if Charter were acting in good faith. However, Charter is not only failing to act in good faith but is affirmatively acting in bad faith. The proposition that Charter could not produce a single document by the November 19 response date is clear bad faith. This action was filed 18 months ago, and during that time Charter has clearly investigated the allegations and reviewed documents in its assessment of the matter. Charter has drafted and briefed an extensive motion to dismiss. The parties have engaged in a substantial and confidential dialogue regarding other matters which would have necessitated a substantial review of documents as well. The proposition that Defendant's counsel does not have or is unaware if they have Mr. Kiernan's

---

[1] Mr. Kiernan has also been subpoenaed for production of his contract and he has objected and refused to provide the requested documents. Moreover, Mr. Kiernan's agent, Adam Leibner, has also been subpoenaed and we have learned that Mr. Kiernan's counsel will be filing a motion to quash that subpoena, further interfering with Plaintiffs' ability to obtain clearly relevant and responsive documents.


The Honorable Jesse M. Furman
December 4, 2020
Page 3

contract, and many other documents sought for production, underscores Charter's bad faith conduct. This is but one of the examples of documents Charter should be easily able to produce.

Charter is effectively "daring" Plaintiffs' counsel to submit this motion and will surely argue that it should be granted even more time to produce documents before involving the Court. As such, we reiterate that it is not Plaintiffs' counsel's desire to write the Court on matters such as these, but we are left with no choice unless we are simply to let Defendant completely dictate the pace of the litigation and produce or not produce documents at its leisure. We respectfully request an order compelling Defendant to produce all available responsive documents (not including electronic discovery for which the parties are working on a protocol) by December 11, 2020.

Respectfully submitted,

David E. Gottlieb