
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Daryl G. Leon
Associate
d 212.969.3262
f 212.969.2900
dleon@proskauer.com
www.proskauer.com

December 8, 2020

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *Roma Torre et al., v. Charter Communications, Inc.* (19-CV-5708 (JMF))

Dear Judge Furman:

      We write on behalf of Defendant Charter Communications, Inc. in opposition to the letter motion filed by Plaintiffs on December 4, 2020 (Dkt. 73). Plaintiffs' letter motion unfairly accuses Defendant of delay in responding to discovery.

      As agreed between the parties, on November 19, 2020, Defendant served its responses to the document requests, consisting of more than 100 pages and more than 140 individual document requests. From November 12 through November 27, 2020, Defendant's counsel (as personal counsel to current and former Charter employees) served responses and objections to more than ten non-party subpoenas. In accordance with counsel's conversation with Plaintiffs' counsel on November 23, 2020 regarding the non-party subpoenas, we are currently following up with each of those non-parties regarding their use of personal accounts or devices for work purposes. On December 4, 2020, Defendant served verified responses to the 72 separate interrogatories served by Plaintiffs, totaling nearly 80 pages.

      Further, Defendant has already produced more than 3,500 pages of documents to Plaintiffs. Defendant's production included: (i) each Plaintiffs' personnel file (including documents from Charter and Charter's predecessor, Time Warner), including employment agreements, compensation statements and related memorandum, benefits information, performance reviews, policy acknowledgments, and accident/incident reports; (ii) Charter and Time Warner policy documents; (iii) Charter's employee handbook; (iv) documents concerning investigations into complaints made by Plaintiffs; and (v) PowerPoint presentations addressing Charter's qualitative research findings related to, and Charter's content strategy for, NY1.

      Defendant's counsel informed Plaintiffs during a meet and confer on November 23, 2020 that Defendant anticipated that it would begin making further production of documents during

the "week of December 7." Defendant has continued to work diligently to meet the "week of December 7" production schedule. Indeed, during the brief December 3, 2020 call that preceded this motion, Defendant again confirmed that the production would take place by December 11, 2020, if not sooner.[1] Further, Defendant will complete the production by late December, which is consistent with, and indeed earlier than, the expected timing for ESI production (the parties are working on an ESI protocol).

On the December 3, 2020 call, Plaintiffs articulated no specific urgency but rather focused on their request for Pat Kiernan's[2] employment contract. Counsel's question about Plaintiffs' "rush" was related to Plaintiffs' demand for the production of Mr. Kiernan's employment contract the next day, not for any other document or discovery in general. Plaintiffs' counsel never stated why Mr. Kiernan's contract was urgently needed. Further, this particular document is highly confidential and sensitive, and contains competitive information about a well-known New York City public figure who is not a party to this case. The parties do not yet have a confidentiality stipulation[3] in place, and absent agreement by Plaintiffs on an appropriate level of protection for this, and other comparable documents, Defendant will need to seek a protective order.

Accordingly, Charter asks that Plaintiffs' motion to compel be denied in its entirety.

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ *Daryl G. Leon*
Daryl G. Leon

CC: *All Counsel via ECF*

---

[1] The call between counsel on December 3, 2020 was scheduled in response to a voicemail from Plaintiffs' counsel asking for a "quick" call about a "question" on the "ESI protocol and the confidentiality stip," which the parties have been negotiating. Defendant's counsel promptly called back and was prepared to discuss these two agreements, but had not conferred with the other members of the litigation team regarding which specific documents had been provided to counsel by Defendant.

[2] Responding to the subpoena served on Mr. Kiernan and his agent, Adam Leibner, Mr. Kiernan is represented by Epstein Becker Green, not Proskauer.

[3] Counsel for Charter provided Plaintiffs their most recent edits to the draft confidentiality agreement on December 7, 2020, and are waiting to hear back regarding the necessary protections for Defendant's upcoming production.