UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ROMA TORRE et al., :
:
Plaintiffs, :
: 19-CV-5708 (JMF)
-v- :
: AMENDED
CHARTER COMMUNICATIONS, INC. d/b/a : MEMORANDUM OPINION
SPECTRUM, : AND ORDER[1]
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs are long-time reporters for New York One ("NY1") and bring claims against Defendant Charter Communications, Inc. ("Charter") for sex and age discrimination under federal, state, and local law. *See Torre v. Charter Commc'ns, Inc.*, — F. Supp. 3d —, 2020 WL 5982684, at *1-2 (S.D.N.Y. Oct. 8, 2020). Plaintiffs issued a subpoena to Adam Leibner, *see* ECF No. 83-1 ("Leibner Subpoena"), an agent for Pat Kiernan, Annika Pergament, and Jamie Stelter (together, the "Movants"), all of whom are other NY1 on-air talent. The subpoena demands all documents and communications with Movants related to Movants' contracts with Charter and all documents and communications that discuss Plaintiffs or the allegations in the Complaint. Movants now seek, pursuant to Rule 45(d)(3)(B) of the Federal Rules of Civil Procedure, to quash the Liebner Subpoena. ECF No. 82. Substantially for the reasons stated in Movants' briefs, the Court concludes that Movants have standing to object to the Leibner

---

[1] This Amended Memorandum Opinion and Order includes corrections to footnote 3 below (footnote 2 in the original) and supersedes the Court's Order of December 23, 2020. *See* ECF No. 96.

Subpoena and that there are valid grounds to quash the Leibner Subpoena. *See* ECF No. 87 ("Mem."), at 6-17; ECF No. 93 ("Reply"), at 3-10. Accordingly, the motion is GRANTED.

First, there is no dispute that Movants have standing, at least to the extent that they seek to protect their own privacy and economic interests. *See* ECF No. 89 ("Pls.' Opp'n"), at 12 & n.9; *see also, e.g.*, *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-CV-1805 (JPO) (JCF), 2017 WL 3055098, at *6 (S.D.N.Y. Jul. 18, 2017); *Koch v. Greenberg*, No. 07-CV-9600 (BSJ) (DF), 2009 WL 2143634, *3 n.1 (S.D.N.Y. July 14, 2009). Plaintiffs do argue that Movants lack standing to object on the basis of cumulativeness or the like. *See* Pls.' Opp'n 12 & n.9. But, even if that is the case, the Court has an independent obligation to "limit the frequency or extent of discovery" that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," so there is no impediment to addressing all issues Movants raise. Fed. R. Civ. P. 26(b)(2)(C)(i).

With respect to the merits, three reasons justify quashing the Leibner Subpoena. First, Plaintiffs seek a large universe of documents from Leibner, a non-party, that could and should be obtained from Defendant Charter, a party to this action.[2] Plaintiffs assert that "Charter's access to documents may be limited" and that "Charter is likely to severely limit its search for responsive electronic discovery," Pls.' Opp'n 11, but such speculation is not a basis to look first to a non-party. On that basis alone, the subpoena is problematic. *See Genus Lifesciences Inc. v. Lannett Co.*, No. 18-CV-7603 (WHO), 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) ("Because of [the plaintiff's] failure to attempt to obtain the requested documents from [the

---

[2] Indeed, the Leibner Subpoena is extremely broad. *See, e.g.*, Leibner Subpoena 14-15 ("*All* documents and communications related to [Movants'] contract[s] with Charter . . . . *All* documents and communications with [Movants] related to or mentioning any of the Plaintiffs . . . . *All* documents and communications regarding the allegations [in the Complaint]." (emphasis added)).

defendant] prior to seeking them from [the non-party], its subpoena is an undue burden on [the non-party]."); *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19-MC-384 (AT), 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019) ("[T]he subpoena imposes an undue burden on [the non-party]. To the extent that [the plaintiff] seeks Defendants' representations to [the non-party], [the plaintiff] can obtain that information from Defendants . . . ." (internal quotation marks and citation omitted)).

Second, to the extent that Plaintiffs argue that Leibner possesses documents that Charter does not have, they fail to show whether or how these documents are relevant to their claims. *See* Pls.' Opp'n 11. "[A]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (internal quotation marks omitted). As Movants persuasively explain, except to the extent that such communications were shared with Charter (in which case Charter would presumably have them), communications between Leibner and Movants regarding their contract negotiations or including thoughts about the Plaintiffs have limited or no relevance to whether Charter improperly denied Plaintiffs opportunities or retaliated against them, the substance of Plaintiffs' claims in this case. *See* Mem. 11; Reply 6-8.

And finally, on the current record, Plaintiffs fail to meet their burden to show that their need for the requested documents outweighs the potential privacy and economic harms Movants face. *See, e.g.*, *Banner Indus. of N.E., Inc. v. Wicks*, No. 1:11-CV-1537 (NAM) (RFT), 2013 WL 5722812, at *8-9 (N.D.N.Y. Oct. 21, 2013); *Solow v. Conseco, Inc.*, No. 06-CV-5988 (BSJ) (THK), 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008). Nor, as Plaintiffs suggest, *see* Pls.' Opp'n 9-10, could Movants' concerns be easily allayed via protective orders, given that here, Plaintiffs are Movants' competitors as journalists and media personalities, and Charter is

Movants' employer and contractual counterparty.[3]

For these reasons, Movants' motion is GRANTED, and the Leibner Subpoena is QUASHED.[4] The Clerk of Court is directed to terminate ECF No. 82.

SO ORDERED.

Dated: December 28, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

---

[3] Notably, in both cases Plaintiffs cite for this point, see Pls.' Opp'n 9, the argument for quashing was based on the privacy interests of a party to the litigation and, in denying the motions to quash, the courts specifically relied on the proposition that parties have lower expectations of privacy than non-parties like Movants here. See Koch, 2009 WL 2143634, at *8 ("[The objector to the subpoena], *as a party to this action*, cannot have a substantial expectation of personal privacy . . . ." (emphasis added)); *During v. City Univ. of N.Y.*, No. 05-CIV-6992 (RCC), 2006 WL 2192843, at *5 (S.D.N.Y. Aug. 1, 2006) ("A litigant himself must reasonably anticipate that his personal matters will be disclosed, while a non-party having no stake in the litigation retains a greater expectation of privacy." (internal quotation marks omitted)).

[4] The Court's ruling is without prejudice to Plaintiffs serving a new subpoena, appropriately tailored to the relevance and privacy concerns discussed here, upon a showing that Leibner is reasonably likely to be in possession of discovery that Plaintiffs were unable to obtain from Charter in the first instance.